# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LARRY JAY NOWAK,

      Defendant-Appellant.

UNPUBLISHED
December 26, 2017

No. 335097
Washtenaw Circuit Court
LC No. 13-001906-FH

---

Before: O'CONNELL, P.J., and BECKERING and STEPHENS, JJ.

PER CURIAM.

Defendant, Larry Jay Nowak, pleaded guilty to one count of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625, and operating a vehicle with a license suspended (DWLS), second offense, MCL 257.904. The trial court sentenced Nowak to one to five years' imprisonment for the OWI conviction and one year in county jail for the DWLS conviction. Nowak appeals by delayed leave granted.[1] We affirm Nowak's convictions.

## I. BACKGROUND

Nowak moved the trial court to withdraw the guilty plea to the OWI offense and to correct an allegedly invalid sentence. He argued that the guilty plea was not accurate and voluntary. He further argued that defense counsel was ineffective by failing to advise him about the risks and benefits of pleading guilty. He also requested a *Ginther*[2] hearing.

The trial court denied Nowak's motion. The trial court found that a jury could reasonably infer that Nowak operated the vehicle and that Nowak admitted to operating the vehicle. The trial court rejected Nowak's ineffective assistance of counsel claim because Nowak's plea was accurate and Nowak denied coercion. Nowak challenges both rulings on appeal.

## II. STANDARD OF REVIEW

---

[1] *People v Nowak*, unpublished order of the Court of Appeals, entered January 10, 2017 (Docket No. 335097).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

This Court reviews a ruling on a motion to withdraw a plea for an abuse of discretion. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). A trial court "abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).

An ineffective assistance of counsel claim presents a mixed factual and constitutional question. *People v Lane*, 308 Mich App 38, 67; 862 NW2d 446 (2014). We review the fact findings for clear error and the constitutional questions de novo. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). If the trial court declines to hold a *Ginther* hearing, this Court's "review is limited to mistakes apparent from the record." *Lane*, 308 Mich App at 68. We also review the trial court's refusal to hold an evidentiary hearing for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008).

## III. ANALYSIS

## A. WITHDRAWAL OF GUILTY PLEA

When a defendant enters a guilty plea, he "must enter an understanding, voluntary, and accurate plea." *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012); see also MCR 6.302(A). A defendant does not have an "absolute right to withdraw a guilty plea once it has been accepted." *Blanton*, 317 Mich App at 117 (quotation marks and citation omitted). To withdraw a plea, a defendant "must demonstrate a defect in the plea-taking process." *Id*. at 118 (quotation marks and citation omitted).

Nowak first argues that his plea was not accurate because he did not describe facts showing that he was operating the vehicle. For a guilty plea to be accurate, the trial court must ask the defendant to describe sufficient facts to support a finding of guilt. *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011); see also MCR 6.302(D)(1). The trial court may also consider inculpatory inferences flowing from the facts described by the defendant, even if the defendant denies an element of the crime. *Id*.

The three elements of an OWI conviction are (1) the operation of a motor vehicle (2) on "a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles," (3) while intoxicated. MCL 257.625(1); *People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009). Our Supreme Court has defined operating a vehicle "in terms of the danger the [OWI] statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property." *People v Wood*, 450 Mich 399, 404; 538 NW2d 351 (1995). Therefore, operating a vehicle extends to putting the vehicle "in a position posing a significant risk of causing a collision[.]" *Id*. at 404-405. The defendant in *Wood* was operating a vehicle because the engine was running, the transmission was in drive, the defendant was asleep at the wheel at a drive-through window, and the defendant's foot on the brake pedal was the only reason the vehicle was not moving, thereby posing a significant risk of collision. *Id*. at 402, 405. Similarly, an intoxicated defendant was operating a truck when he tried to move it out of the middle of the freeway after an accident, even though the truck was not functioning, because it posed a risk of injury. *People v Lechleitner*, 291 Mich App 56, 58, 61; 804 NW2d 345 (2010). By contrast, an intoxicated defendant sleeping at the wheel with the car running and the lights off

was not operating the vehicle because the car was parked next to a golf cart storage shed in the parking lot, showing that the defendant could have been using the vehicle as shelter. *People v Burton*, 252 Mich App 130, 132, 143-145; 651 NW2d 143 (2002).

In this case, Nowak maintains that he was not operating the vehicle because the engine was not running and he was asleep. On the contrary, the trial court properly inferred that Nowak operated the vehicle because Nowak did not live on the road he admitted being on and did not start his evening there. In response to the trial court's question of what Nowak did to be guilty of operating while intoxicated, Nowak answered, he "got in the seat, turned the radio on, keys in the ignition, cops pulled up, knocked on the window, [he] answered the questions and that was it . . . ." In response to defense counsel's question whether Nowak was "operating a motor vehicle[,]" after defense counsel explained what it means to operate a motor vehicle, Nowak answered "yes." Nowak again answered yes to the prosecution's question whether Nowak "actually operated the vehicle on Wiltshire Drive[.]" Therefore, the trial court did not err by concluding that the plea was accurate.

Next, Nowak argues that his plea was not voluntary. Before accepting a guilty plea, the trial court must verify that the plea was voluntary by asking the defendant whether anyone promised him anything beyond the terms of the plea agreement, whether anyone threatened him, and whether the choice to plead guilty was the defendant's choice. MCR 6.302(C)(4). For a plea to be voluntary, the defendant "must be fully aware of the direct consequences of the plea." *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012) (quotation marks and citation omitted). For example, a plea is not voluntary if the trial court does not advise the defendant of the maximum possible prison sentence for a habitual offender. *Brown*, 492 Mich at 694.

Nowak admits that the trial court complied with MCR 6.302(C)(4) by asking Nowak whether the choice to plead guilty was his. Instead, Nowak maintains, the prosecution and defense counsel's questions about the factual basis of the plea were coercive. The record shows otherwise. At the plea hearing, Nowak repeatedly stated that he wanted to plead guilty and avoid going to trial. The attorneys' questions about the factual basis of the claim served that goal after defense counsel explained that the trial court could not accept Nowak's guilty plea without a factual basis. Additionally, defense counsel emphasized that whether to plead guilty was Nowak's choice, and defense counsel offered to ask the trial court for more time to discuss Nowak's decision. Under these circumstances, explaining that a guilty plea requires a factual basis and eliciting those facts was not coercive and did not render the plea involuntary. Thus, the trial court did not abuse its discretion by denying Nowak's motion to withdraw the guilty plea.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Nowak contends that his attorney was ineffective because defense counsel should have requested an adjournment to verify the accuracy of the plea. We disagree.

To demonstrate ineffective assistance of counsel,

a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings

-3-

would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [*Lockett*, 295 Mich App at 187 (citation omitted).]

To establish ineffective assistance of counsel in connection with a plea, the defendant must show that his plea was not voluntary or understanding. *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). In *Armisted*, the defendant did not argue that counsel prevented him from understanding the plea agreement, even if counsel mistakenly advised the defendant about the minimum sentence, and the defendant "testified under oath at the plea proceeding that he fully understood the plea and sentencing agreement." *Id*. at 48-49.

Likewise, in this case, Nowak has not identified how defense counsel prevented him from entering a voluntary and understanding plea. The trial court informed Nowak of the maximum possible sentence and the rights he would give up by pleading guilty. Nowak confirmed his understanding. The trial court asked Nowak if the guilty plea was the result of threats or promises and if the choice to plead guilty was his own. Nowak denied threats, coercion, or external promises and affirmed that he chose to plead guilty. Defense counsel merely informed Nowak that the trial court could not accept a guilty plea without a factual basis and provided an example of what would constitute a factual basis. Nowak again confirmed that he wanted to plead guilty before affirming that he was operating the vehicle. Thus, Nowak has not shown that defense counsel's performance was deficient or produced an unfair result.

Finally, Nowak requests remand for an evidentiary hearing if this Court determines that the record is insufficient to resolve the ineffective assistance of counsel claim. Nowak provides no detail about the missing information. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008) (quotation marks and citation omitted). Accordingly, he has abandoned this argument on appeal.

In any event, Nowak has not asserted facts requiring further development. Remand is unnecessary when the defendant has not demonstrated that the development of additional facts would aid his argument. *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009). Nowak did not support his request for a *Ginther* hearing with facts that would defeat his affirmance on the record that he understood the consequences of pleading guilty and still wished to enter a guilty plea. Therefore, the trial court did not abuse its discretion by declining to hold an evidentiary hearing, and we decline to remand for a hearing.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane M. Beckering
/s/ Cynthia Diane Stephens

-4-