*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AARON XAVIER JOHNSON,

Defendant-Appellant.

UNPUBLISHED
May 28, 2019

No. 341318
Ottawa Circuit Court
LC No. 16-040655-FC

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Aaron Xavier Johnson, appeals as of right his jury trial convictions of armed robbery, MCL 750.529; assault with a dangerous weapon (felonious assault), MCL 750.82; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 156 to 360 months' imprisonment for the armed robbery conviction, 24 to 48 months' imprisonment for the felonious assault conviction, and 24 months' imprisonment for the felony-firearm conviction with 457 days credit for time served. We affirm.

At approximately midnight on August 5, 2016, a pizza delivery driver was robbed at gunpoint in the parking lot of an apartment complex. After the delivery driver had given the robber all of the money he had, the robber told the delivery driver to get in his car and leave, which he did. The robber then also drove away, nearly sideswiping a nearby vehicle on the way out of the apartment complex. That other vehicle began following the robber and the robber fired at least one gunshot during the chase.

The delivery driver returned to his place of employment and told his supervisor he had been robbed. They then called the police. An officer arrived at the pizza restaurant and, after asking the delivery driver a few questions, advised that police thought they had found the robber. An officer asked if the delivery driver could identify the robber and then took him to another location. The robber, later identified as defendant, got out of the backseat of another police vehicle and the delivery driver identified him as the person who had robbed him. Defendant was thereafter charged and convicted, as detailed above.

Defendant first argues on appeal that the trial court erred in denying defendant's pretrial motion to suppress the pizza delivery driver's on-the-scene identification. We disagree.

Generally, evidentiary issues are reviewed for an abuse of discretion. *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011). However, we review for clear error the trial court's ultimate decision whether to admit identification evidence. *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

A defendant can challenge an identification procedure based on constitutional grounds if it was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [it amounts] to a denial of due process." *People v Winters*, 225 Mich App 718, 725; 571 NW2d 764 (1997). The fairness or suggestiveness of an identification procedure is evaluated in light of the totality of the circumstances to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification. *People v Williams*, 244 Mich App 533, 542; 624 NW2d 575 (2001). The following factors are relevant to determine the likelihood of misidentification: (1) the opportunity for the witness to view the suspect at the time the crime occurred; (2) the witness's degree of attention; (3) the accuracy of any prior descriptions by the witness; (4) the witness's level of certainty during the identification; and (5) the length of time between the crime and the confrontation. *People v Colon*, 233 Mich App 295, 304-305; 591 NW2d 692 (1998).

Prompt on-the-scene confrontations are "reasonable, indeed indispensable, police practices because they permit the police to immediately decide whether there is a reasonable likelihood that the suspect is connected with the crime and subject to arrest, or merely an unfortunate victim of circumstance." *Winters*, 225 Mich App at 728. On-the-scene identification also allows witnesses to make identifications when their memories are fresh. *People v Libbett*, 251 Mich App 353, 362; 650 NW2d 407 (2002).

Considering the totality of the circumstances, we agree with the trial court's ruling, after an evidentiary hearing, that the pizza delivery driver's on-the-scene identification of defendant was not based on an impermissibly suggestive procedure leading to a substantial likelihood of misidentification. The delivery driver's testimony indicated that he had a good opportunity to view the person who robbed him. The robber was within a couple feet of him during the robbery and wore nothing to hide his face. The delivery driver also indicated that the parking lot was lit by streetlights and that he was very focused on the robber and the gun during the encounter. He provided a description of the robber and his actions. Based on his description, police were quickly able to connect the robbery to the later firing of shots from defendant's vehicle. The delivery driver was then quickly able to identify defendant as the robber with a high degree of certainty. Additionally, the delivery driver identified defendant about an hour after the robbery occurred. Accordingly, the robber's appearance was still fresh in his mind.

We have held "that it is proper . . . for the police to promptly conduct an on-the-scene identification." *Winters*, 225 Mich App 718, 727-728. The fact that defendant was in handcuffs near police cruisers and that an officer told the delivery driver that defendant would not be able to see him is insufficient to demonstrate clear error after the trial court clearly found that the

other factors weighed in favor of the reliability of the identification. Additionally, the issue whether the police told the delivery driver that they had "the guy" or "a guy" is inconclusive because the delivery driver did not remember what wording was used. Regardless, there was sufficient evidence for the trial court to find that the other factors weighed in favor of admitting the evidence of the on-the-scene identification. Therefore, we hold that the trial court did not clearly err in denying defendant's pretrial motion to suppress. Because the on-the-scene identification was not impermissibly suggestive, we need not address whether there was an independent basis for the in-court identification. *People v Barclay*, 208 Mich App 670, 675; 528 NW2d 842 (1995).

Defendant next contends that he was denied the effective assistance of counsel, for several reasons. "[A] defendant must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant did not file a motion in the trial court for a new trial or request an evidentiary hearing. Therefore, defendant's claims of ineffective assistance of trial counsel are unpreserved. See *id*. Where there is no evidentiary hearing, our review is limited to mistakes apparent on the existing record. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

In order to find merit in a defendant's claim of ineffective assistance of counsel, the defendant must prove: (1) that the attorney made an error, and (2) that the error was prejudicial to defendant. See *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). That is, first, defendant must show that defense counsel's performance fell below an objective standard of reasonableness. See *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). The Court must analyze the issue with a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance, and the test requires that the defendant overcome the presumption that the challenged action or inaction might be considered sound trial strategy. See *People v Leblanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Second, defendant must show that, but for defense counsel's deficient performance, a different result would have been reasonably probable. See *Russell*, 297 Mich App at 715-716. However, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant first argues that he was denied the effective assistance of counsel when his trial counsel failed to object to hearsay presented by Detective Timothy Beelen, who testified regarding what witnesses told him with respect to defendant. We disagree.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," MRE 801(c), and is generally inadmissible, MRE 802. But out-of-court statements admitted for purposes other than the truth of the matter asserted are not, by definition, hearsay, and may be admitted in the face of a Confrontation Clause objection. *People v Chambers*, 277 Mich App 1, 10-11; 742 NW2d 610 (2007). The prosecution's elicitation of the detective's testimony regarding the three other witnesses' out-of-court statements about the crimes and the description of the perpetrator were admitted for the truth of the matter asserted therein; consequently, these statements constituted

-3-

hearsay and were inadmissible. MRE 801(c); MRE 802. Had defense counsel objected, it would not have been a "meritless argument or . . . futile objection[.]" *Ericksen*, 288 Mich App at 201.

Nevertheless, defense counsel's failure to object did not fall below objective reasonableness because it was justified by trial strategy. See *Strickland*, 466 US at 689-690. Defense counsel's strategy focused on the officers' failure to independently investigate potential witnesses and obtain forensic evidence tying defendant to the crime. Considering this tactic, defense counsel had reason not to raise hearsay objections to the testimony now challenged on appeal. Specifically, these statements formed the basis of defense counsel's argument that police uncritically accepted those three witnesses' statements as fact and failed to properly investigate other potential perpetrators. Defense counsel, therefore, did not render ineffective assistance by failing to object to the prosecution's elicitation of hearsay statements. *Id*.

Even if the failure to object was not justified by trial strategy, reversal is only required when the error produced outcome-determinative prejudice. The detective's testimony of the statements was cumulative to the witnesses' own testimonies at trial. When "the declarant himself testified at trial, any likelihood of prejudice was greatly diminished because the primary rationale for the exclusion of hearsay is the inability to test the reliability of out-of-court statements." *People v Gursky*, 486 Mich 596, 621; 786 NW2d 579 (2010) (quotation marks and citations omitted). In this case, the detective's hearsay testimony was less important and less prejudicial because the witnesses testified and were subject to cross-examination. *Id*. In this instance, defendant cannot show plain error affecting his substantial rights.

Defendant next argues that he was denied the effective assistance of counsel when his trial counsel presented witness testimony damaging to the defense, specifically that which placed him at the scene and that presented by Carl H. Clatterbuck. We disagree.

The decision to call and question witnesses and present evidence is presumed to be a matter of trial strategy. *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). Although the defense witnesses placed defendant at the apartment complex at the time of the robbery, trial counsel made a strategic decision to present these witnesses as they also testified that defendant had a job, that he was making money, and that he had no motive or need to commit a robbery. Additionally, Clatterbuck's testimony that "hit a lick" only meant that someone had acquired "easy money" and that it did not necessarily mean anything criminal was clearly intended to rebut the previous testimony by a prosecution witness that "hit a lick" meant to commit a robbery. In light of this testimony, defendant cannot overcome the presumption that calling those witnesses was part of trial counsel's strategy.

Further, defendant has failed to demonstrate that this testimony was outcome determinative. In fact, there was already sufficient circumstantial evidence presented to place defendant at the scene of the robbery, and there was already testimony that "hit a lick" meant to commit a robbery. Therefore, defendant cannot show plain error affecting his substantial rights.

Finally, defendant argues that he was denied the effective assistance of counsel when his trial counsel failed to present an alibi defense. We disagree.

Trial counsel is responsible for adequately investigating and presenting all substantial defenses, i.e., defenses that may have affected the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial court's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). Defendant has failed to specify on appeal any potential alibi witnesses that trial counsel could have called. Nor does defendant provide what the unidentified witnesses' testimonies would have been or how their testimonies would have established, or even assisted, a defense. Defendant also failed to specify what defense, if any, the purported failure to call these unidentified witnesses deprived him of. Accordingly, defendant has failed to establish any factual predicate for his claim of ineffective assistance in this regard. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Further, defendant has failed to demonstrate that this unidentified alibi would have been outcome determinative. Therefore, defendant cannot establish a claim of ineffective assistance on the basis of his trial counsel's failure to develop an alibi defense.

Affirmed.


/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens