PEOPLE v CHAPO

Docket No. 281172. Submitted February 4, 2009, at Detroit. Decided
    April 14, 2009, at 9:15 a.m.
    A jury in the Wayne Circuit Court convicted Steven C. Chapo of
    fourth-degree fleeing or eluding a police officer, MCL 257.602a(2).
    A police officer had stopped the defendant's truck after the officer
    saw the defendant drive over a fire hose that firefighters were
    using to extinguish a building fire. When asked to produce his
    driver's license, vehicle registration, and proof of insurance, the
    defendant threw his driver's license at the officer and informed the
    officer that he had to leave but would return to accept the officer's
    citation. As the truck began to move, the officer ordered the
    defendant to stop and get out of the truck. When the defendant did
    not comply with the officer's command, the officer stepped on the
    truck's running board and attempted to fire a Taser at the
    defendant, but gave up when the defendant began to drive away.
    After he was convicted, the defendant moved for a new trial, claiming
    ineffective assistance of counsel, or for a directed verdict, claiming
    that there was insufficient evidence that the officer was lawfully
    performing his duties before the defendant's flight. The court, Helen
    E. Brown, J., denied the motion. The defendant appealed.

        The Court of Appeals held:

        1. The defendant was not denied due process of law. The
    information filed against the defendant gave him adequate notice
    that the charge under MCL 257.602a(2) was predicated on his
    failure to comply with an order to stop from a police officer who
    was acting in the lawful performance of his duties. There was also
    sufficient evidence at trial to establish that the officer was lawfully
    performing his duties when the defendant fled. Driving over an
    active fire hose, without the consent of the fire department, is a
    civil infraction. A police officer who witnesses a civil infraction
    may stop and temporarily detain the offender for purposes of
    issuing a citation.

        2. The trial court, when denying the defendant's posttrial
    motion, correctly ruled that the police officer properly could have
    arrested the defendant for the felony offense of obstructing a

person who the offender knows or has reason to know was performing his or her duties, MCL 750.81d. Because the defendant refused to obey the officer's lawful command, the officer could have made a proper arrest without a warrant, given that there was probable cause to believe that the defendant had committed a felony.

3. The defendant was not denied the effective assistance of counsel at trial. Counsel's failure to develop an argument predicated on the lack of probable cause to make an arrest for obstruction and failure to request a jury instruction on probable cause did not constitute deficient representation, nor did they result in prejudice to the defendant. The fleeing and eluding charge did not require proof that the police officer had probable cause to arrest the defendant. Trial counsel was not ineffective for failing to object to the prosecutor's remarks at closing argument concerning the lack of an excuse for the defendant's criminal conduct. The prosecutor was free to argue the evidence and all reasonable inferences arising from it as they related to the theory of the case. Counsel was not ineffective for not developing and requesting jury instructions on duress as a defense. The defendant's testimony did not support a duress defense based on a fear of impending death or serious bodily harm and the need to commit the charged offense to avoid harm, because he testified that he could have prevented the police officer's deployment of the Taser by complying with the officer's demand to stop and get out of the truck.

4. Because the defendant's counsel affirmatively approved the jury instructions that were given, the defendant waived any error associated with the trial court's failure to instruct the jury on duress and failure to provide additional instructions on whether the police officer lawfully performed his duties. The trial court's remark to the jury that appellate courts "will review everything in the record to see if I'm making any mistakes" did not affect the defendant's substantial rights. The remark did not suggest a diminished responsibility by the jury to reach a verdict.

Affirmed.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jon P. Wojtala*, Assistant Prosecuting Attorney, for the people.

*James D. Brittain* for the defendant.

Before: Wilder, P.J., and Cavanagh and Murray, JJ.

Per Curiam. Following a jury trial, defendant was convicted of fourth-degree fleeing or eluding a police officer, MCL 257.602a(2), for which he was sentenced to three years' probation. He appeals as of right. We affirm.

I

Defendant drove a pickup truck over a fire hose that firefighters were using to extinguish a fire at a thrift shop. Flat Rock Police Officer Glen Hoffman activated the overhead flashers of his patrol vehicle and stopped defendant's truck. Officer Hoffman recognized the driver as defendant, but asked for his driver's license, proof of insurance, and vehicle registration, because he intended to cite defendant for driving over the fire hose. According to Officer Hoffman, defendant was upset and said that he was in a hurry to take his son to his mother's home. After Officer Hoffman requested defendant's driver's license three or four times, defendant threw it to the officer through a partially opened window and said something like, "Here you go, bozo." Defendant told Officer Hoffman that he was going to leave and would be back later for the ticket. Defendant drove a few feet, Officer Hoffman ordered him to stop, and defendant did stop but continued to say that he was going to leave. Officer Hoffman then ordered defendant to step out of the vehicle and told him he would be arrested if he continued to leave. Defendant refused Officer Hoffman's demands to get out of the truck. Officer Hoffman testified that it was his intention to arrest defendant for hindering or obstructing an officer,

if he did not comply with his order to get out of the vehicle. Officer Hoffman warned defendant that he had a Taser, and he stood on the truck's running board while attempting to shoot the Taser at defendant's chest. Officer Hoffman jumped off the running board as defendant drove off. Defendant testified that he drove off only after Officer Hoffman "went berserk" and shot something at him.

Following defendant's conviction, he moved for a new trial, asserting ineffective assistance of counsel, or, alternatively, for a directed verdict of acquittal, claiming that there was insufficient evidence to establish that Officer Hoffman was lawfully performing his duties before defendant's flight. The trial court denied the motion.

II

Defendant argues that the evidence was insufficient to establish the lawful performance element of the offense of fleeing or eluding a police officer. In connection with this issue, defendant argues that he was denied "procedural due process" because, in response to his posttrial motion, the prosecution responded that it was proceeding under a theory that this element could be proven by evidence that there was probable cause to arrest defendant for obstruction under MCL 750.81d. We find no basis for relief.

We review de novo defendant's challenge to the sufficiency of the evidence. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). "Taking the evidence in the light most favorable to the prosecution, the question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). The prosecution need not negate every theory

consistent with innocence, but is obligated to prove its own theory beyond a reasonable doubt, in the face of whatever contradictory evidence the defendant may provide. *Id.* at 423-424. Due process commands a directed verdict of acquittal where the evidence is insufficient. *People v Lemmon*, 456 Mich 625, 633-634; 576 NW2d 129 (1998).

Defendant's claim that he was denied notice of the prosecution's theory was not raised below and, therefore, is unpreserved. Accordingly, we review the issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The Due Process Clause of the Fourteenth Amendment mandates that a state's method for charging a crime give a defendant fair notice of the charge against the defendant, to permit the defendant to adequately prepare a defense. *Koontz v Glossa*, 731 F2d 365, 369 (CA 6, 1984). "[I]t is a practical requirement that gives effect to a defendant's right to know and respond to the charges against him." *People v Darden*, 230 Mich App 597, 601; 585 NW2d 27 (1998). Prejudice is essential to any claim of inadequate notice. *Id.* at 602 n 6.

The information in this case gave defendant notice that the charge under MCL 257.602a(2) was predicated on his failure to comply with Officer Hoffman's order to stop his vehicle, while Officer Hoffman was acting in the lawful performance of his duties, on December 1, 2006. This case is distinguishable from *Olsen v McFaul*, 843 F2d 918, 931 (CA 6, 1988), in which a theft indictment was so indefinite that it provided no assistance to the defendant in determining what property he was charged with stealing and how the theft was committed. The information in this case provided fair

notice that the charge against defendant was based on a particular event on December 1, 2006.

Further, defendant has not shown that he was prejudiced by the fact that the information did not state his alleged offense with greater specificity. It is apparent from the trial record that defendant clearly knew the acts for which he was being tried. Before jury selection, defense counsel used the police report to argue an evidentiary matter, and counsel explained to the trial court that there would be a divergence between the parties' evidence regarding what happened after defendant produced his driver's license. Consistent with Officer Hoffman's trial testimony, the police report indicates that Officer Hoffman decided that he could arrest defendant for hindering or obstructing a police officer during the traffic stop. Further, trial counsel expressed no surprise when the prosecutor argued to the jury, during closing argument, that the element of lawful performance was established, by evidence that defendant was stopped for the civil infraction of driving over the fire hose, and that the traffic stop had not concluded when defendant drove off. Consistent with his earlier remarks, defense counsel instead argued to the jury that defendant's testimony established that Officer Hoffman overreacted and that defendant drove off because of the Taser.

We find no basis in the record for concluding that defendant did not have adequate notice of the charge against him. We also find no support for defendant's claim that the prosecution attempted to change its theory, for purposes of opposing defendant's posttrial motion for a directed verdict. At best, the record indicates that the prosecution responded to defendant's own attempt to recast his actions as an escape from an attempted arrest rather than an avoidance of a lawful

traffic stop. The prosecution's response did not create any procedural due process concerns.

We also reject defendant's argument that the evidence was insufficient to establish that Officer Hoffman was lawfully performing his duties when defendant fled. MCL 257.602a(1) provides, in part:

> A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, *acting in the lawful performance of his or her duty*, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer. [Emphasis added.]

Viewed in a light most favorable to the prosecution, the evidence that Officer Hoffman was attempting to detain defendant for the purpose of issuing a citation for driving over the fire hose was sufficient to enable the jury to find, beyond a reasonable doubt, that Officer Hoffman was acting in the lawful performance of his duties. Driving over an active fire hose, without the consent of the fire department, is a civil infraction. MCL 257.680. A police officer who witnesses a civil infraction may stop and temporarily detain the offender for the purpose of issuing a written citation. MCL 257.742(1). Because the traffic stop was incomplete when defendant fled, the evidence was sufficient to sustain the conviction, regardless of whether Officer Hoffman also had probable cause to arrest defendant for obstruction. See *People v Laube*, 154 Mich App 400, 407; 397 NW2d 325 (1986) (whether reasons other than a civil infraction justify the police action is irrelevant).

We also reject defendant's claim that Officer Hoffman's testimony established that he lacked probable cause to arrest defendant for obstruction. A police

officer may make an arrest without a warrant if there is probable cause to believe that a felony was committed by the defendant, or probable cause to believe that the defendant committed a misdemeanor in the officer's presence. MCL 764.15; *People v Dunbar*, 264 Mich App 240, 250; 690 NW2d 476 (2004). "Probable cause is found when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed." *Id.* The standard is an objective one, applied without regard to the intent or motive of the police officer. *People v Holbrook*, 154 Mich App 508, 511; 397 NW2d 832 (1986).

Here, in denying defendant's posttrial motion, the trial court determined that Officer Hoffman could have arrested defendant for obstruction, under a city ordinance, MCL 750.81d, or MCL 750.479. On appeal, defendant focuses his argument on MCL 750.81d. Defendant's failure to challenge the other two bases of the trial court's decision constitutes a waiver that precludes appellate relief. See *Roberts & Son Contracting, Inc v North Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987) (failure to brief a necessary issue precludes appellate relief). Nonetheless, even limiting our consideration to MCL 750.81d(1), it is clear that there was evidence to support a finding of probable cause.

Under MCL 750.81d(1), an individual who obstructs a person who the individual knows or has reason to know is performing his or her duties, is guilty of a felony. "Obstruct" includes "a knowing failure to comply with a lawful command." MCL 750.81d(7)(a). As defendant concedes on appeal, Officer Hoffman testified that defendant refused to comply with an order to get out of the vehicle:

> He continued to say he was going to leave the scene before his violation. And I kept telling him no. He wanted to argue with me. I told him at that point to exit the vehicle, that I was going to place him under arrest if he was going to continue to leave.

> *    *    *

> I continue to ask him to exit the vehicle. He's refusing to. He had his juvenile son in the vehicle with him hollering at him, stop dad, listen to him.

A police officer may order occupants to get out of a vehicle, pending the completion of a traffic stop, without violating the Fourth Amendment's proscription against unreasonable searches and seizures. *Pennsylvania v Mimms*, 434 US 106, 111; 98 S Ct 330; 54 L Ed 2d 331 (1977); *Maryland v Wilson*, 519 US 408, 414-415; 117 S Ct 882; 137 L Ed 2d 41 (1997). Therefore, considering the evidence that defendant refused to obey Officer Hoffman's lawful commands, we agree with the trial court's posttrial ruling that probable cause for an arrest without a warrant developed during the course of the traffic stop. Accordingly, while we conclude that the evidence was sufficient to sustain defendant's conviction, regardless of whether Officer Hoffman acquired probable cause to make a felony arrest during the traffic stop, we nonetheless reject defendant's argument that Officer Hoffman was acting unlawfully when he informed defendant of his intention to arrest him.

III

Next, defendant argues that he was denied the effective assistance of counsel. The trial court rejected this same argument without conducting a *Ginther*[1] hearing, and this Court previously denied defendant's motion to

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

remand for a *Ginther* hearing. Further, we are not persuaded that defendant has demonstrated any issue for which further factual development would advance his claim. See MCR 7.211(C)(1)(a); *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). Accordingly, we limit our review to the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

A defendant seeking a new trial with a claim of ineffective assistance of trial counsel has a heavy burden of proof. *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). The defendant must show that trial counsel's representation fell below an objective standard of reasonableness and must also show resulting prejudice. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000). "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Carbin, supra* at 600.

Defendant argues that even if a directed verdict was not warranted, trial counsel was ineffective because counsel failed at trial to challenge the lawfulness of Officer Hoffman's conduct and, in fact, agreed during closing argument that Officer Hoffman was lawfully performing his duties. Defendant contends that trial counsel should have developed an argument predicated on the lack of probable cause to make an arrest for obstruction. He also argues that trial counsel should have requested an instruction requiring the jury to decide if there was probable cause for an arrest. As we have already determined, however, the fleeing or eluding charge did not require proof that Officer Hoffman had probable cause to arrest defendant. "Trial counsel is not required to advocate a meritless position." See *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Moreover, we will not second-guess trial counsel's strategy of conceding certain elements of the charge

at trial. *People v Emerson (After Remand)*, 203 Mich App 345, 349; 512 NW2d 3 (1994). Therefore, defendant has not demonstrated deficient performance or prejudice.

Defendant also argues that trial counsel was ineffective for not objecting to the prosecutor's remarks during closing argument. After reciting the elements of the offense and commenting on defendant's testimony that he drove off because he was afraid, the prosecutor remarked, "[T]here's nothing in this instruction that gives you that exception. There's no exception that says, guilty unless you get tasered and you drive away." Defendant asserts that the prosecutor impermissibly suggested that Officer Hoffman's deployment of the Taser was not relevant.

A prosecutor's remarks are examined in context and evaluated in light of defense arguments and their relation to the trial evidence. *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005). The thrust of the challenged remarks was that the evidence did not show anything to excuse defendant's criminal behavior. The prosecutor is "free to argue the evidence and all reasonable inferences arising from it as they relate to the theory of the case." *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000), abrogated in part on other grounds by *Crawford v Washington*, 541 US 36 (2004). Therefore, trial counsel was not ineffective for failing to object to the prosecutor's characterization of the Taser evidence. To the extent that the prosecutor stated her position as an expression of law, any prejudice was cured when the trial court instructed the jury to follow the law according to the trial court's instruction. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Furthermore, we note that trial counsel responded to the prosecutor's closing argument by challenging Of-

ficer Hoffman's credibility and arguing that it was appropriate for defendant to leave under the circumstances explained in defendant's testimony. Trial counsel argued that defendant complied with each order to stop known to him and that defendant exercised common sense when he fled the scene to avoid being tasered. The particular elements of the charge challenged by trial counsel, as set forth in the trial court's jury instructions, required proof of a known order to stop the vehicle and defendant's refusal to obey it by trying to flee or avoid being caught.

We also reject defendant's argument on appeal that trial counsel was ineffective for not developing and requesting jury instructions for a duress defense. Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses. *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id.* A duress defense requires some evidence from which the jury could find the following elements:

· "A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

"B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

"C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

"D) The defendant committed the act to avoid the threatened harm." [*People v Lemons*, 454 Mich 234, 247; 562 NW2d 447 (1997), quoting *People v Luther*, 394 Mich 619, 623; 232 NW2d 184 (1975).]

Further, the threatening conduct or compulsive act must be present, imminent, and impending. *Lemons, supra* at 247. It must arise without the negligence or

fault of the person claiming the defense. *Id.* The defense reflects a social policy that it is better for a person to chose to commit a crime than to face a greater evil threatened by another person. *Id.* at 246.

Defendant's testimony did not support a duress defense. The circumstances of this case involved a traffic stop, in which Officer Hoffman could lawfully order defendant to get out of his truck. Defendant acknowledged in his own testimony that he was asked five or six times to get out of his truck by Officer Hoffman and that, nevertheless, he attempted to leave the scene before Officer Hoffman attempted to fire the Taser at him.

Because defendant's own testimony established that he could have prevented Officer Hoffman's deployment of the Taser by complying with the officer's lawful demand to get out of the truck, we agree with the trial court that trial counsel was not ineffective for failing to pursue a duress defense. We find no basis for concluding that a claim of duress would have provided a substantial defense to the charge of fleeing or eluding a police officer. If anything, it might have emphasized the weakness of trial counsel's argument that the deployment of the Taser justified defendant's flight. Counsel's choice between weak defenses does not suggest deficient performance or prejudice. *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995).

IV

Defendant next argues that the trial court's failure to instruct the jury regarding duress, or to provide additional instructions concerning whether Officer Hoffman lawfully performed his duties, constituted plain error. After the trial court instructed the jury, defense counsel indicated that the defense was "satisfied" with the instructions. Counsel's affirmative expression of

satisfaction with the trial court's jury instruction waived any error. *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002).

Defendant also argues that the trial court erred by giving a pretrial instruction advising the jury that appellate courts "will review everything on the record to see if I'm making any mistakes." Having reviewed defendant's unpreserved claim under the plain error rule of *Carines*, we find no basis for relief.

We agree with defendant that it is improper for a trial court to comment to the jury on matters of appeal. *People v Fiorini*, 85 Mich App 226, 234; 271 NW2d 180 (1978). However, unlike *Caldwell v Mississippi*, 472 US 320; 105 S Ct 2633; 86 L Ed 2d 231 (1985), this case does not involve any prosecutorial argument or a sentencing matter; rather, it involves the trial court's instructions before testimony began. The trial court had authority to give appropriate pretrial instructions. MCR 6.414(A). "We review jury instructions in their entirety to determine if error requiring reversal occurred." *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). Even if instructions are imperfect, reversal is not required if they fairly present the issues to be tried and sufficiently protect the defendant's rights. *Id.*

The trial court's brief remark regarding appellate review of its mistakes did not suggest any diminished responsibility on the part of the jury in reaching a verdict. To the contrary, the trial court properly instructed the jury on the importance of its role before it heard the testimony, and the trial court reiterated the jury's role in the final instructions before deliberations. Considering the trial court's instructions in their entirety, the trial court's brief reference to appellate review did not affect defendant's substantial rights.

Affirmed.