# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 27, 2015

Plaintiff-Appellee,

v

No. 317087
Wayne Circuit Court
LC No. 12-007447-FH

CHARLES FRAZIER,

Defendant-Appellant.

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of possession with intent to deliver (PWID) less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), possession of a firearm by a felon (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 29 months to 20 years for the PWID conviction and 1 to 5 years for the felon-in-possession conviction, to run consecutive to a term of two years in prison for the felony-firearm conviction. We affirm.

This case arises from an arrest and seizure of heroin and a firearm in the early evening of May 1, 2012, in Detroit, Michigan. Detroit Police Officers Marcus Thirkill, Timothy Jones, and Brandon Cawley were performing a routine patrol near a house that they believed was abandoned.

The officers saw defendant standing with a group of four or five men in the street and driveway area in front of the house. As they approached, defendant began to back away from the group, proceeding toward the house. Thirkill parked the car and saw defendant grab at the right side of his pants as if he were holding something. Thirkill recognized the object as the top of a firearm. He alerted the other officers about the potential weapon and exited the squad car.

Thirkill announced himself as a police officer and told defendant to stop, but defendant ran into the house and shut the front door. The other officers exited the car. Jones stayed with the other men outside and Cawley ran to the rear of the house. Through a window, Cawley saw defendant run to a bedroom in the back of the house with an object in his hand. Defendant raised the object and pointed it at Cawley. Cawley believed it was a handgun or a weapon based on Thirkill's comment and the way defendant held it with outstretched arms pointed forward. Cawley moved out of the way of the window and warned the other officers that defendant was

-1-

armed. Hearing Cawley's warning, Thirkill decided to kick down the front door and force entry. He detained defendant in handcuffs in the living room.

Cawley went to the rear bedroom where he had witnessed defendant holding the object. He recovered a handgun from under the bed. Thirkill arrested defendant and performed a pat-down search which yielded a plastic bag containing 21 individual packets of heroin.

Gerrick Woodard, a relative of defendant, testified at trial that the gun police recovered was his and that the house was not a drug house, but was his residence. Woodard stated that defendant was not carrying a gun at the time of the arrest.

On appeal, defendant argues that trial counsel's failure to present additional witnesses and a video of the arrest amounted to ineffective assistance of counsel. We disagree.

As an initial matter, defendant failed to move for a new trial or evidentiary hearing in the trial court, and filed a motion to remand for an evidentiary hearing only after appealing. This Court denied defendant's motion.[1] Accordingly, our review is limited to mistakes apparent from the record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

To establish a claim of ineffective assistance of counsel, defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is " 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable and professional judgment.' " *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 690. Defendant bears the burden of overcoming this presumption. *People v LeBlanc*, 465 Mich 575, 578, 640 NW2d 246 (2002).

Decisions regarding what evidence to present and whether to call a certain witness are presumptively matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). This Court does not substitute its own judgment for counsel's strategic decisions or assess trial counsel's competency with the benefit of hindsight. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Failure to call particular witnesses or present particular evidence can constitute ineffective assistance only if it deprives the defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012); *Payne*, 285 Mich App at 190. A substantial defense is one that might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Defendant argues that trial counsel should have presented three additional witnesses, DaRon Lovell Jenkins, Macus Taylor, and Londell Bright, as well as a cell phone video that

---

[1] *People v Frazier*, unpublished order of the Court of Appeals, entered May 2, 2014 (Docket No. 317087).

Bright made of the incident.  But the record supplies a legitimate rationale for trial counsel's decision not to present these proposed witnesses.  The trial court had adjourned trial and warned the parties that no additional time would be granted to prepare additional witnesses.  Taylor and Bright were not then named on defendant's witness list and defendant's counsel may have reasonably believed it best not to deviate from the list.

As to the second element, nothing in the record suggests that the result would have been different if the proposed witnesses had testified at trial or if Bright's video had been admitted into evidence.  Though our review is confined to errors apparent on the record, the affidavits that defendant presented do not compel a different conclusion.  None of the proposed witnesses disputed defendant's heroin possession.  Taylor and Jenkins both averred that the police entered the home without a search warrant, but defendant does not challenge the search.  Jenkins would have testified that Woodard owned the gun, but his proposed testimony includes statements made by Woodard and would constitute inadmissible hearsay.  Further, Woodard's claimed ownership of the gun does not address defendant's possession of the gun.  Taylor stated that defendant did not have a gun, but that is not inconsistent with Officer Thirkill's claim that defendant was attempting to conceal the weapon.  Bright's affidavit does not refer to defendant's conduct or arrest at all; he avers only that there were six officers on the scene, that the other men were detained, and that he videotaped the incident.  Finally, all of this proposed testimony would have been cumulative of Woodard's testimony.  Defendant has failed to overcome the presumption that counsel was engaged in sound trial strategy.  See *Rockey*, 237 Mich App at 76-77.  He was not deprived of a substantial defense.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause