*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NATHANIEL BERNARD ADAMS, JR.,

        Defendant-Appellant.

UNPUBLISHED
August 20, 2019

No. 344238
Wayne Circuit Court
LC No. 17-009972-01-FH

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant, Nathaniel Bernard Adams, Jr. (Adams), appeals his bench-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Adams was sentenced to two years' probation for the felonious assault conviction and two years' imprisonment for the felony-firearm conviction, to be served concurrently,[1] with credit for 11 days served in jail. On appeal, Adams claims he was denied the effective assistance of counsel because his attorney failed to produce two eyewitnesses in support of Adams's self-defense theory. We affirm.

## I. BACKGROUND

This case involves a shooting that occurred in October 2017 in Detroit. The victim, Vashawn Nelson (Vashawn) was at his home with his girlfriend, Rachel Kegler, and their two children. The victim's sister, Rose Nelson (Rose), and Rose's boyfriend, whose name was not identified at trial, were also present at the time of the offense. Vashawn and Kegler were arguing, which prompted Kegler to call Adams and ask him to come to the house to pick her up. Shortly after midnight, Adams arrived at Vashawn's residence, parked his car in the street, and

---

[1] Although not an issue raised on appeal, the parties and trial court agreed to have the sentence for felony-firearm run concurrently, rather than consecutively, due to the probationary sentence for felonious assault.

walked toward the house. Vashawn, noticing that Adams had a gun, grabbed a shotgun from inside his house and told Adams to get away or he would defend himself. Although Vashawn denied pointing his shotgun at Adams, Kegler testified that Vashawn did point his gun at Adams while telling him to get off of Vashawn's property. Vashawn testified that Adams then ran away down the street, but he returned at some point still wielding a gun.[2] Adams fired approximately five or six shots toward Vashawn, who was standing in his doorway, but no one was injured.

At the time the shots were fired, Rose and her boyfriend were in their car parked in the street, approximately 15 to 20 feet away from the house and witnessed the shooting. However, they were not listed on the prosecution's witness list and were not called as witnesses at trial. During closing arguments, defense counsel asked the trial court to treat Rose and her boyfriend as res gestae witnesses, and further infer that their testimony would be favorable to the defense because the prosecution failed to produce them at trial. In its ruling, the trial court acknowledged that it was within its discretion to infer that the absent witnesses' testimony that should have been produced would be favorable to the defense. The trial court explained that neither Rose nor her boyfriend were listed on the prosecution's witness list, and even though defense counsel was aware of the potential witnesses, defense counsel took no action to procure their presence for trial—possibly as a trial strategy. Regardless, the trial court concluded that even if it accepted the inference that the witnesses' testimony would be favorable to the defense, the outcome of the trial would not have changed because the remaining evidence presented proved beyond a reasonable doubt that Adams was guilty of felonious assault and felony-firearm.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Adams argues that he was denied the effective assistance of counsel because defense counsel failed to produce two eyewitnesses, Rose and her boyfriend, at trial. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

A defendant must move in the trial court for a new trial or an evidentiary hearing to preserve a claim of ineffective assistance of counsel. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Determining whether a defendant received ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). This Court reviews findings of fact for clear error and questions of law de novo. *Id*. Because defendant did not move for a new trial or evidentiary hearing in the trial court based on ineffective assistance of counsel, this claim is unpreserved, and this Court's review is limited to mistakes apparent from the record. *Heft*, 299 Mich App at 80.

## B. ANALYSIS

The right to the effective assistance of counsel is guaranteed by the United States and Michigan Constitutions. *People v Schrauben*, 314 Mich App 181, 189-190; 886 NW2d 173 (2016). To prevail on a claim of ineffective assistance of counsel, a defendant must show: "(1)

---

[2] Kegler testified that Adams never ran away, but instead remained on the property.

that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. at 190. Because the effective assistance of counsel is presumed, the burden is on a defendant to prove otherwise. *Id*. A defendant also bears "the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Additionally, "[d]ecisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy[.]" *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). It is strongly presumed that counsel engaged in sound trial strategy, and this Court will not second-guess counsel's trial strategy or assess counsel's competence with the benefit of hindsight. *Id*. Moreover, defense counsel does not have an unconditional obligation to call every witness suggested by a defendant. *People v Beard*, 459 Mich 918, 919; 589 NW2d 774 (1998). The fact that a trial strategy is ultimately unsuccessful does not inherently render counsel ineffective. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). The failure to call a witness constitutes ineffective assistance of counsel only when it deprives the defendant of a substantial defense. *People v Anderson*, 322 Mich App 622, 612-613; 912 NW2d 607 (2018). A substantial defense is one that might have affected the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Although defense counsel did not call Rose and her boyfriend as witnesses at trial, the failure to do so did not constitute ineffective assistance of counsel. Defense counsel was not obligated to call every witness that Adams suggested. See *Beard*, 459 Mich at 919. The trial court found that defense counsel's failure to call Rose and her boyfriend as witnesses was trial strategy. Although defense counsel was apparently aware that Rose and her boyfriend were witnesses based on the witness statements, and they were not on the prosecution's witness list, he made no effort to have them testify at trial. There is no clear indication in the record whether defense counsel investigated these potential witnesses, but it is possible that defense counsel believed that their testimony would not have been favorable to the defense. Instead, a review of the record reveals that defense counsel's strategy focused on undermining the credibility of the prosecution's witnesses. Specifically, defense counsel elicited testimony from Kegler that her trial testimony differed greatly from her prior statements that she had given to the police after the offense. Although this strategy was ultimately unsuccessful, defense counsel's performance did not fall below an objective standard of reasonableness. Thus, Adams fails to overcome the strong presumption of sound trial strategy and has not established that defense counsel's performance fell below an objective standard of reasonableness.

Nonetheless, even if defense counsel's performance was deficient, Adams fails to prove that, had Rose and her boyfriend testified at trial, there is a reasonable probability that the outcome of the trial would have been different. There is no evidence in the record regarding what the testimony of these two witnesses would have been, and Adams fails to provide any affidavits or offers of proof indicating that these witnesses would have testified favorably for the defense, specifically in support of his self-defense claim. The witness testimony and evidence produced at trial, including the bullet casings on victim's front porch, which matched casings found in defendant's car, and the lack of evidence that any firearm other than Adams's was discharged, strongly suggested that Adams was the aggressor. Given that there is no evidence

regarding how Rose and her boyfriend would have testified, Adams fails to show that he was deprived of a substantial defense. Therefore, he fails to establish a factual predicate for his claim of ineffective assistance of counsel and cannot prove that he was prejudiced at trial. Accordingly, we conclude that Adams was not denied the effective assistance of counsel.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron