*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

EMILIO REY HERNANDEZ,

      Defendant-Appellant.

UNPUBLISHED
December 15, 2025
2:25 PM

No. 371321
Ingham Circuit Court
LC No. 23-000806-FH

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the circuit court's order denying his motion to suppress evidence and dismiss the single charge against him of carrying a concealed handgun without a license, MCL 750.227(2). This charge stems from a traffic stop. Defendant argues that the evidence seized during the traffic stop must be suppressed because the stop was effectuated in violation of MCL 257.742(1) of the Michigan Vehicle Code (MVC), MCL 257.1 *et seq*. We need not address whether the stop in this case violated MCL 257.742(1) because, even if it did, the remedy for that violation would not be suppression of the seized evidence. We therefore affirm.

## I. BACKGROUND

For purposes of this appeal, most of the material facts are not in dispute. Michigan State University Police Detective Sergeant James Terrill was patrolling the downtown area of East Lansing in plainclothes and an unmarked vehicle when he observed what he believed to be an individual carrying a handgun in his pocket. Terrill observed the individual get into a vehicle and drive away, with defendant in the passenger seat. The vehicle did not use a turn signal when it left a parking lot, thereby violating MCL 257.648 of the MVC, and Terrill relayed this information to

---

[1] *People v Hernandez*, ___ Mich ___; 20 NW3d 563 (2025).

two other officers on his team who were in police uniforms and a marked patrol car. The two other officers performed a traffic stop of the offending vehicle on the basis of the traffic infraction.[2]

During the course of the traffic stop, the officers discovered that defendant was in possession of a handgun without a concealed pistol license, and defendant was later charged with one count of carrying a concealed weapon without a license. In district court, defendant moved to dismiss this charge on grounds that the officers who performed the at-issue traffic stop were not authorized to do so because, under MCL 257.742(1), only an officer who personally witnesses a traffic infraction may stop and detain the offending individual for the infraction, and the officers who stopped the vehicle that defendant was in did not personally witness the driver of that vehicle violate MCL 257.648. Defendant contended that the stopping officers' violation of MCL 257.742(1) rendered the stop an unconstitutional seizure, and he asked that all evidence seized as a result of the allegedly-unconstitutional stop be suppressed.

The district court denied defendant's motion and bound defendant over for trial in the circuit court. Defendant renewed his motion in the circuit court, which likewise denied the motion. This appeal followed.

## II. DEFENDANT'S MOTION TO SUPPRESS

Defendant argues that because the vehicle he was in was stopped for a traffic infraction that the stopping officers did not personally witness, the stop violated MCL 257.742(1), and, consequently, any evidence seized as result of the stop must be suppressed. We disagree.

## A. STANDARD OF REVIEW

A trial court's factual findings in support of its ruling on a motion to suppress are reviewed for clear error, while its ultimate decision on the motion is reviewed de novo. *People v Mahdi*, 317 Mich App 446, 457; 894 NW2d 732 (2016). Questions of statutory interpretation are likewise reviewed de novo. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

## B. ANALYSIS

At issue is MCL 257.742(1). When the at-issue stop occurred, that statute provided in pertinent part:

> A police officer who witnesses a person violating this act or a local ordinance substantially corresponding to this act, which violation is a civil infraction, may stop

---

[2] The officers involved in this case provided conflicting testimony about whether information about a possible firearms violation was relayed to the officers who performed the traffic stop. The district court credited the testimony that information about a possible firearms violation was relayed to the stopping officers, but the circuit court disagreed and found that only information "regarding a traffic infraction" was relayed to the stopping officers, so they "made the stop based only on that traffic infraction."

the person, detain the person temporarily for purposes of making a record of vehicle check, and prepare and subscribe, as soon as possible and as completely as possible, an original and 3 copies of a written citation, which shall be a notice to appear in court for 1 or more civil infractions. [MCL 257.742(1).[3]]

The plain language of this statute, according to defendant, "requires a conclusion that only the officer who witnesses a civil infraction in violation of the [MVC] may effectuate a stop." If this interpretation is correct, defendant contends, then the at-issue stop violated MCL 257.742(1) because the officers who stopped the vehicle that defendant was in did not personally witness the traffic infraction for which they were stopping the vehicle. And, significantly for purposes of this appeal, the remedy that defendant seeks for this alleged violation of MCL 257.742(1) is suppression of the evidence seized as a result of the statutorily-unauthorized stop.

We need not address whether defendant is correct that MCL 257.742(1) prohibits an officer from stopping an individual for a traffic infraction that the officer did not personally witness because, even if that is correct, the exclusionary rule would not apply to evidence obtained as a result of such a statutory violation. Accord *People v Mazzie*, 326 Mich App 279, 289; 926 NW2d 359 (2018) (declining to address the defendant's argument that MCL 257.227(4) and MCL 500.3101a(3) were violated when the Secretary of State provided insurance information to officers who stopped the defendant's vehicle because, even if the statutes were violated, the exclusionary rule did not apply to "this perceived statutory violation").

"The exclusionary rule is a judicially created remedy that originated as a means to protect the Fourth Amendment right of citizens to be free from unreasonable searches and seizures." *People v Hawkins*, 468 Mich 488, 498; 668 NW2d 602 (2003). Applying the exclusionary rule to a statutory violation is different than applying it to a constitutional one. *Id*. at 499-500. "The exclusionary rule, modified by several exceptions, generally bars the introduction into evidence of materials seized and observations made during an *unconstitutional* search," whereas "[w]hether the exclusionary rule should be applied to evidence seized in violation of a statute is purely a matter of legislative intent." *Id*. at 499-500 (emphasis added; footnote omitted). This means that application of the exclusionary rule "is not the go-to, or default, remedy" for a statutory violation, but instead "can only come into play if the legislative intent, gleaned from the words of the statute, permits its use." *Mazzie*, 326 Mich App at 290.

We acknowledge that defendant frames his argument in constitutional terms, but he never argues that the officers who stopped the vehicle that he was in lacked probable cause to believe that a traffic infraction occurred. This is significant because if the officers had probable cause to believe that a traffic violation occurred, then the ensuing seizure was *constitutionally* permissible. See *Whren v United States*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). The district court explained in detail why the stop in this case was supported by probable cause on the basis of a traffic violation, and the circuit court

---

[3] The language of MCL 257.742(1) was amended by 161 PA 2024, which became effective on April 2, 2025.

fully adopted this portion of the district court's reasoning.[4]  Defendant does not contest that reasoning on appeal.[5]  Instead, he argues only that the officers who stopped the vehicle that he was in did so in violation of MCL 257.742(1), and the remedy that he seeks for this *statutory* violation is exclusion of the evidence seized as a result of the stop.

Whether exclusion is a remedy available to defendant for this perceived statutory violation depends on whether the Legislature intended for the exclusionary rule to apply to evidence obtained in violation of MCL 257.742(1).  See *Hawkins*, 468 Mich at 500.  Reviewing the statute's plain language, it is clear that the Legislature did not.  Nothing in MCL 257.742(1)'s language suggests that the Legislature intended to exclude evidence obtained in violation of the statute's terms.  That is, nothing in MCL 257.742(1) suggests that, should an officer stop an individual for a traffic infraction that the officer did not personally witness, the Legislature intended for the exclusionary rule to apply to evidence obtained during the resulting stop.  Accordingly, even if defendant's interpretation of MCL 257.742(1) is correct and the officers who stopped the vehicle that he was in violated the statute, exclusion of the evidence obtained during the resulting stop is not a remedy available to defendant for the statutory violation.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi

---

[4] In short, the district court reasoned that Terrill informed the stopping officers that the vehicle that defendant was in turned without signaling and then followed that vehicle until the other officers arrived, which, taken together, gave the stopping officers probable cause to believe that the vehicle they were stopping violated MCL 257.648.  Accord *People v Chapo*, 283 Mich App 360, 367; 770 NW2d 68 (2009) ("Probable cause is found when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed.") (quotation marks and citation omitted).

[5] Defendant instead attempts to analogize this case to *People v Lucynski*, 509 Mich 618, 657; 983 NW2d 827 (2022), where our Supreme Court held that a traffic stop violated the defendant's constitutional rights because the Court had "not been presented with any lawful justification for the" stop.  But this case has little in common with *Lucynski*.  Defendant claims that that the cases are similar because *Lucynski* dealt with a purported violation of MCL 257.676b(1) of the MVC, and this case, too, deals with a purported violation of the MVC.  While true, that is where the similarities between the cases end.  The *Lucynski* Court held that there was no evidence that the stopping officer had "even reasonable suspicion to believe that defendant violated MCL 257.676b(1)," *Lucynski*, 509 Mich at 649, so there was no justification for the stop.  Here, in contrast, the district court found that the stopping officers had probable cause to believe that the vehicle that defendant was in violated MCL 257.648, and defendant does not contest that finding on appeal.