*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TOQUILLA MYELIN JORDAN,

        Defendant-Appellant.

UNPUBLISHED
February 12, 2026
1:11 PM

No. 366443
Wayne Circuit Court
LC No. 20-004061-01-FC

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant, Toquilla Jordan, appeals as of right her jury trial convictions of assault with intent to murder, MCL 750.83, assault with intent to do great bodily harm, MCL 750.84, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Jordan was sentenced as a fourth-offense habitual offender, MCL 769.12, to 35 to 60 years' imprisonment for the assault with intent to murder conviction, 5 to 10 years' imprisonment for the assault with intent to do great bodily harm conviction, two to five years' imprisonment for the felon in possession of a firearm conviction and the felon in possession of ammunition conviction, and two years' imprisonment for each of the felony-firearm convictions, to be served consecutive to the other convictions. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

On June 15, 2020, Jordan shot her neighbor, Patricia Funderburke, two times. Prior to the shooting Funderburke was inside her house, but her goddaughter was sitting on the porch with a friend. Funderburke's goddaughter saw Jordan standing in her yard yelling at someone. When Jordan came around a bush with a gun in her hand, Funderburke's goddaughter exchanged "some words that weren't polite" with Jordan. Funderburke, who was alerted to the argument via text message, went to the door. She testified that she saw Jordan standing in the front lawn, near the driveway, waving a gun. Funderburke told her goddaughter and her goddaughter's friend to be quiet and go inside. Both girls got up as if they were going to go inside.

However, before they could go into the house, Jordan shouted, "I'll shoot y'all bitches, too, and yo white ass momma."  Funderburke testified that she heard a gun go off as she was reaching for the screen door.  She had been shot in the stomach.  She reached for the door again, turning, but was shot in the left side of her back.  She fell to the ground.  She heard Jordan say, "I'm bout [sic] to kill you now."  Funderburke was pulled into the house.  Three more gunshots were fired.  Funderburke called 9-1-1.

Funderburke's daughter, who was returning home, observed the shooting from a vehicle.  She saw Jordan standing in the driveway with a gun, heard the gunshots, and saw Funderburke fall to the ground.  But another witness, who was visiting a friend who lived near Funderburke, testified that she heard someone yell, "he has a gun, he has a gun."  She stated that she saw a bearded man shoot a gun.  She added, however, that she was nearsighted, was not wearing her glasses, and that she rushed into her friend's house to take cover when she heard the gunshots.  Following the trial, Jordan was convicted as indicated above.

## II.  INEFFECTIVE ASSISTANCE

### A.  STANDARD OF REVIEW

In a supplemental brief filed pursuant to Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004), Jordan argues that her defense lawyer provided ineffective assistance during the plea-negotiation process.  Because the trial court did not conduct an evidentiary hearing, our review "is limited to mistakes that are apparent on the record." *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018) (quotation marks and citation omitted).

### B.  ANALYSIS

A criminal defendant is entitled to the effective assistance of his or her lawyer when negotiating a plea.  *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014).  To establish ineffective assistance, the defendant must establish that his or her lawyer's performance was deficient and that, but for the deficient performance, the outcome of the proceedings would have been different.  *People v White*, 331 Mich App 106, 149; 951 NW2d 106 (2020).  The defendant's lawyer must "properly advise [the] defendant regarding the nature of the charges or the consequences of the guilty plea and the possible defenses to the charges to which the defendant is pleading guilty, so [the] defendant has the ability to make an intelligent and informed choice from among [her] alternative courses of action." *Id*. at 148.  When the alleged prejudice arising from the defense lawyer's deficient performance "is that the defendant rejected a plea offer and stood trial, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Douglas*, 496 Mich at 592 (quotation marks and citation omitted).

In her supplemental brief, Jordan maintains that she was offered a plea bargain by the prosecution that would have allowed her to plead guilty to assault with intent to murder and the corresponding felony-firearm offense. As part of the offer, she would be sentenced to a minimum of eight years' imprisonment for the assault offense and two years for the felony-firearm offense.[1]

Based upon our review of the existing record, we conclude that such an offer was never made to Jordan. Instead, at the pretrial hearing, the prosecution offered to dismiss the remaining counts and the sentence-enhancement if Jordan pleaded guilty to assault with intent to murder and the corresponding felony-firearm. Under this agreement, Jordan would agree to be sentenced to 18 to 50 years' imprisonment. A second offer was made on the first day of trial that would have required Jordan to plead guilty to assault with intent to murder and the corresponding felony-firearm "with a sentence agreement of a 10-year minimum on the assault with intent to murder, and a two-year consecutive on the felony firearm." Both offers were rejected by Jordan.

Further, the terms of the offers are different from the terms of the offer that Jordan maintains is the basis for her ineffective-assistance claim. On the second day of trial, the prosecutor indicated that he and Jordan's lawyer had continued to engage in plea negotiations. The deal that they were contemplating would have included an eight-year minimum on the assault with intent to murder charge and two years on a corresponding felony-firearm charge. The terms of that potential offer are identical to the terms of the offer that Jordan claims she had received. Yet, the prosecutor explained on the record that he lacked the authority to extend an offer with such terms to the defense. As such, although Jordan may believe that a plea offer was put forward, it is clear that no offer was actually made. Instead, the second day of trial only memorialized plea negotiations between the defense and the prosecution that did not culminate in an offer to Jordan.

In sum, contrary to Jordan's position on appeal, the offer that she claims her lawyer provided ineffective assistance on was not an offer that was actually made to her by the prosecution. Jordan's lawyer could not have provided ineffective assistance in relation to a plea deal that was never made.

For completeness, we consider whether Jordan was provided with ineffective assistance in relation to the two pleas that were actually made by the prosecution. Jordan argues that she went to trial because her lawyer advised her that she *could* win the case and that the "trial was in the bag." The record does not include any indication that she was so advised. Instead, in connection to the first plea offer, Jordan's lawyer advised her of the consequences of proceeding to trial instead of pleading guilty, including that she would face a minimum 25-year sentence for the assault with intent to commit murder charge. Jordan acknowledged that fact but stated that she still wished to proceed to trial. And, as it relates to the second plea offer, Jordan's lawyer likewise advised her of the consequences of proceeding to trial instead of entering a guilty plea. Again, Jordan

---

[1] Jordan submitted an affidavit with her Standard 4 brief alleging that this offer was made and that her lawyer's advice in relation to it was deficient. Because this affidavit was not part of the lower court record, we decline to consider it. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008) (declining to consider affidavits submitted with the defendant's motion to remand because the affidavits were not part of the lower court record).

acknowledged the advice and stated that she desired to proceed to trial. On this record, therefore, even assuming that Jordan is arguing that she received deficient assistance in relation to the first or second plea offers, we conclude that she has failed to establish the factual predicate for her claim. See *Douglas*, 496 Mich at 592.[2]

## III. SENTENCING

### A. STANDARD OF REVIEW

Jordan argues in a brief submitted by her appellate lawyer that she is entitled to resentencing because the sentence imposed by the trial court violates the principle of proportionality. A challenge to the proportionality of a within-guidelines sentence is reviewed for reasonableness. *People v Klungle*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364125 and 367795); slip op at 5. When a defendant's sentences are within the "calculated guidelines range, [the] defendant bears the burden of demonstrating the sentences are unreasonable and disproportionate." *Id.* (quotation marks and citation omitted). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality . . . ." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citation omitted). The "principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 474 (quotation marks and citation omitted).

### B. ANALYSIS

It is presumed that a within-guidelines sentence is reasonable and proportionate. *People v Posey (On Remand)*, 349 Mich App 199, 203; 27 NW3d 137 (2023). A proportionate sentence generally considers "the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022).

Jordan asserts that the trial court gave excessive weight to the punishment factor when sentencing her. We disagree. When sentencing Jordan, the trial court stated that it was considering deterrence, rehabilitation, punishment, and the "positives" in Jordan's life, including her "loving family," and her "accomplishments." Further considerations included the fact that Jordan had five prior felony convictions and four prior misdemeanor convictions. One of these felony convictions

---

[2] Jordan seeks a remand for an evidentiary hearing. We limit our consideration of her affidavit to her request for a remand. See MCR 7.211(C)(1)(a). In her affidavit, she averred that her lawyer advised her not to accept a favorable plea deal before trial. Yet, she was offered multiple plea deals, was warned of the consequences of proceeding to trial, and was apprised of the 25-year mandatory minimum sentence that would be imposed if she was convicted of assault with intent to murder. Moreover, Jordan's lawyer continued to engage in plea negotiations even after the trial began, which belies Jordan's assertion in her affidavit that her lawyer believed the case was "in the bag." We, therefore, conclude that an evidentiary hearing is not warranted in this case given that further factual development would not advance Jordan's claim. *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

was for assault with a dangerous weapon. Additionally, it is obvious that her conviction of assault with intent to murder was an egregious offense. The fact that the crimes were predicated upon a verbal disagreement with a neighbor and that Jordan coupled her heinous actions with racial slurs did not lessen that egregiousness. In light of the foregoing, the sentence imposed by the court serves to protect society from Jordan's dangerous behavior and discipline her for the dangerous conduct. Therefore, we conclude that the court did not abuse its discretion by violating the principle of proportionality in sentencing Jordan to 35 to 60 years' imprisonment.

Jordan also argues that the trial court failed to explain why the minimum sentence was insufficient. However, the trial court was not required to "expressly explain why a within-guidelines sentence is reasonable and proportionate." *Posey*, 349 Mich App at 207. Thus, the trial court's failure to do so was not an error warranting resentencing.

Next, Jordan contends that the judge presiding over the sentencing hearing improperly considered her "deplorable behavior" in the police body camera footage from her arrest. Jordan offers no authority that a judge is not permitted to consider aspects of a defendant's conduct that were deemed inadmissible for the jury. Moreover, the record does not reflect that the judge presiding over her sentencing even saw the body-cam footage given that a different judge had presided over the hearing that resulted in it being suppressed. We conclude that Jordan's argument is unsupported by the facts of this case and by the law that has been presented in support of this issue.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young