*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAYMOND DAVID PERKINS,

Defendant-Appellant.

UNPUBLISHED
November 19, 2019

No. 342459
Wayne Circuit Court
LC No. 17-006045-01-FH

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant, Raymond Perkins, appeals as of right his jury trial convictions for malicious destruction of personal property of more than $1,000 but less than $20,000, MCL 750.377a(1)(b)(*i*), and felonious assault, MCL 750.82. Perkins was sentenced to two years' probation and $4,281.07 in restitution. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

This case arises from an incident that occurred on the morning of June 3, 2017, outside of the Trumbull and Porter Motel in Detroit. Mark Provenzano testified that he ran a construction company that had been hired to renovate the motel. Perkins had been employed as an independent contractor by Provenzano's company for one week during May 2017, and he believed that he had not been paid the full amount he was owed. As a result, he sent Provenzano a series of angry text messages that continued through the date of the incident.

At trial, Provenzano testified that between 8:00 a.m. and 9:00 a.m., he parked his truck outside a secure parking area adjacent to the motel jobsite and walked through the open gate. He was then confronted by Perkins, who stood on the other side of the gate in front of a red truck that Provenzano recognized as belonging to Perkins. After a brief argument, Perkins became agitated and Provenzano threatened to call the police if he did not leave the jobsite. In response, Perkins got into his truck, shifted into reverse, and rapidly backed up, steering toward Provenzano, who ducked for cover. Provenzano testified that the truck missed him by approximately 6 to 8 inches before it left the area. Provenzano testified that he then looked

-1-

away, before he heard tires squealing and saw Perkins "smash" his red truck into Provenzano's parked truck, which bounced into a fence and an adjacent car on impact. Provenzano's testimony was corroborated in part by Brandon Bastuba, a carpenter who had contracted to work on the motel and who had met neither Provenzano nor Perkins before the incident.

In his defense, Perkins testified that neither he nor his vehicle were present at the motel on June 3, 2017. He claimed to have spent the morning and "most of the afternoon" picking up his friend "Nick" and moving a pool table between Shelby and Redford. Perkins theorized that an electrician who worked on the jobsite and drove a similar vehicle—but who bore no physical resemblance to Perkins—had actually committed the offenses. He added that Provenzano, who had Perkins's identification on file, framed Perkins as a matter of convenience.

Following his conviction and sentencing, Perkins moved the trial court for a new trial on the ground that he was denied his Sixth Amendment right to effective assistance of a lawyer because his trial lawyer failed to interview and present his friend as an alibi witness. In support of the motion, Perkins submitted an affidavit averring: "1. Trial lawyer did not subpoena my alibi witness Nick drew [sic] Bennett (byrd) after I stated that I was not in the vicinity of the Trumbull Porter hotel on June 3, I was moving a pool table on that date 2. Inconsistent statements made by mark p. and his witness Brandon b." Perkins did not include an affidavit or statement from "Nick" demonstrating that "Nick" would have, in fact, provided testimony favorable to Perkins. The court denied the motion, reasoning that "there is no proof that there is an alibi witness."

## II. INEFFECTIVE ASSISTANCE

## A. STANDARD OF REVIEW

Perkins argues that his trial lawyer provided ineffective assistance by failing to contact or subpoena his alibi witness. Whether a defendant received effective assistance from his or her lawyer is a mixed question of law and fact. *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Although Perkins preserved his challenge by moving for a new trial or *Ginther* hearing in the lower court, because no *Ginther*[1] hearing was held our review is limited to the mistakes that are apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).[2]

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[2] On appeal, Perkins requests, as alternative relief, a remand to the trial court for an evidentiary hearing. However, he has failed to support his request with any affidavits or other offers of proof as required by MCR 7.211(C)(1). See MCR 7.211(C)(1)(a) ("A motion under this subrule must be supported by affidavit or offer of proof regarding the facts to be established at a hearing."); *People v Williams*, 241 Mich App 519, 527 n 4; 616 NW2d 710 (2000) (holding that a motion to remand "must be supported by an affidavit or offer of proof regarding the facts to be established."). Accordingly, the request to remand for a *Ginther* hearing is denied.

## B. ANALYSIS

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of his or her lawyer. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The Michigan Constitution provides an identical right that must be analyzed under an identical test:

> [T]o receive a new trial on the basis of ineffective assistance of counsel, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 688, 694.]

Under the objective reasonableness prong of the *Strickland* test, "a court must indulge in a strong presumption that counsel's conduct falls within the range of reasonable assistance." *Strickland*, 466 US at 689. Furthermore, in order to prevail on a claim that he received ineffective assistance from his lawyer, a defendant must establish the factual predicate for his or her claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). When an ineffective assistance claim is premised on the defendant's lawyer's failure to file an alibi notice and consequent failure to present an alibi witness, the defendant must demonstrate that the witness would have given favorable alibi testimony. *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994).

In this case, although Perkins presented an affidavit from himself stating that his lawyer failed to subpoena his alibi witness, nothing in the record supports a finding that his alibi witness would have, in fact, testified in his favor. Accordingly, on this record, Perkins cannot prevail on his claim of ineffective assistance.

Moreover, even without testimony from an alibi witness, Perkins was able to present his defense to the jury. He testified that neither he nor his truck was in the vicinity because he was moving a pool table with "Nick" in the morning and most of the afternoon. The jury was free to believe or disbelieve his testimony which was directly contradicted by testimony from Provenzano and Bastuba. "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted). Because Perkins was able to assert his alibi defense the failure of the alibi witnesses to testify did not deprive him of a substantial defense. *Id*.

Affirmed.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle