*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
October 17, 2025
2:54 PM

*In re* H. J. PEACE, Minor.

No. 373558
Oakland Circuit Court
Family Division
LC No. 2023-886311-NA

Before: RICK, P.J., and MALDONADO and KOROBKIN, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to HP under MCL 712A.19b(3)(a)(*ii*) (parent has deserted the child for 91 or more days and not sought custody), (b)(*i*) (parent sexually abused the child, or the child's sibling, and there is a reasonable likelihood of abuse if the child is placed with the parent), (k)(*i*) (parent abandoned the child, or the child's sibling, and there is a reasonable likelihood of abuse if the child is placed with the parent), and (k)(*ix*) (parent sexually abused the child, or the child's sibling, as defined under MCL 722.622, and there is a reasonable likelihood of abuse if the child is placed with the parent). On appeal, respondent argues that he received ineffective assistance of counsel at trial because his attorney failed to retain an expert to assess the reliability and trustworthiness of the child's statements. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND AND FACTS

HP was born in 2018 while respondent was imprisoned, and he obtained parenting time with HP upon his release in 2021. Respondent failed to return HP after an overnight parenting time visit in April 2023 and, instead, contacted Children's Protective Services (CPS), alleging that HP's mother, as well as the mother's then-boyfriend—who was on the sex offender registry—brother, and nephew were all sexually abusing HP. CPS investigators later met with the four individuals, who all denied the allegations. Respondent later brought HP to a child advocacy center for a forensic interview, and when the interviewer asked respondent what HP knew about the purpose of the interview, respondent explained that HP "knew what she was coming to talk

about" because he "had been working on her for months to get her to say what she was coming to talk about today."

During the interview, HP stated that respondent—rather than one of the individuals accused by respondent—forced her to put her hand on his penis during her bath while he was naked. HP was then released to the care of a relative. Respondent denied the allegation, essentially asserting that HP confused the identity of the perpetrators since her initial alleged disclosures against her mother's family because he had HP point out on his own body where the family members had allegedly assaulted her.

The Department of Health and Human Services (DHHS) petitioned to terminate respondent's parental rights based on HP's disclosure about respondent and later moved to admit HP's statements from her forensic interview. At the corresponding tender-years evidentiary hearing, see MCR 3.972(C)(2), the trial court determined that "sufficient evidence" existed "to ensure the trustworthiness of the statements" based on the credentials and testimony of HP's interviewer and the recording of the interview. Accordingly, the trial court admitted HP's interview statements at respondent's adjudication jury trial, and the jury returned a verdict finding grounds to exercise jurisdiction over the child. The trial court subsequently exercised jurisdiction; found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (b)(*i*), (k)(*i*), and (k)(*ix*); found that termination was in the best interests of the child; and entered an order accordingly.[1] This appeal followed.

## II. STANDARD OF REVIEW

> Claims of ineffective assistance of counsel are mixed questions of fact and law. We review for clear error a trial court's factual findings, and questions of constitutional law are reviewed de novo. Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake. Where a party fails to preserve a claim of ineffective assistance of counsel, this Court's review is limited to mistakes apparent on the record. [*In re Lovitt*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 2 (quotation marks and citations omitted).]

## III. ANALYSIS

Respondent asserts that his trial counsel failed to retain an expert to assess the reliability and trustworthiness of HP's statements. Consequently, respondent argues, we should vacate the trial court's termination order or, at the very least, remand for a *Ginther*[2] hearing to determine whether counsel was ineffective. We disagree.

---

[1] At trial, the trial court stated that it also found statutory grounds existed under MCL 712A.19b(3)(g) and (j); however, those subsections were not listed on the trial court's corresponding termination order.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"Although the constitutional provisions explicitly guaranteeing the right to counsel apply only in criminal proceedings, the right to due process also indirectly guarantees assistance of counsel in child protective proceedings." *In re CR*, 250 Mich App 185, 197; 646 NW2d 506 (2002), overruled in part on other grounds by *In re Sanders*, 495 Mich 394, 422 (2014). "The principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy . . . ." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). Thus, to establish ineffective assistance of trial counsel, a respondent must show that

> (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent. The effective assistance of counsel is presumed, and a party claiming ineffective assistance bears a heavy burden of proving otherwise. The Court cannot substitute its judgment for that of counsel's on matters of litigation strategy, and counsel's performance must be judged based on the knowledge, expertise, and information reasonably available when counsel formulated and implemented the litigation strategy. To establish prejudice, a party claiming ineffective assistance must show that but for counsel's deficient performance, a different result would have been reasonably probable. [*In re Lovitt*, ___ Mich App at ___; slip op at 6 (quotation marks and citations omitted).]

Notably, a respondent bears the burden of establishing the factual predicate of an ineffective-assistance claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> To the extent [a respondent's] claim depends on facts not of record, it is incumbent on [the respondent] to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports [the] claim and which excludes reasonable hypotheses consistent with the view that his trial lawyer represented him adequately. [*People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973) (quotation marks and citation omitted).]

A trial attorney "may be deemed ineffective, in part, for failing to consult an expert" when "the only reasonable and available defense strategy requires consultation with experts or introduction of expert evidence." *In re Casto*, 344 Mich App 590, 612-613; 2 NW3d 102 (2022) (quotation marks and citation omitted). "Specifically with respect to child-sexual-abuse cases, the potential significance of expert testimony is well-recognized." *Id*. at 613. "Indeed, reliability problems created by children's suggestibility give rise to special considerations related to the role of experts." *Id*. (quotation marks and citations omitted).

In this case, however, respondent proffers no evidence to establish either prong of ineffective assistance—deficient performance or prejudice. Instead, he makes the mere assertion in his brief on appeal that the facts of the case "should have prompted effective counsel to secure a[n] expert." But without evidence, there is no way of knowing to what extent counsel investigated the law and the facts of the case, whether counsel failed to consider consulting or retaining an expert, whether counsel instead made efforts to do so, and what the results of those efforts, if any, were. Cf. *id*. at 614 (concluding that trial counsel's performance was deficient based on counsel's testimony at a *Ginther* hearing that she did not consider or investigate the possibility of retaining an expert and was not even aware that such experts were used). Nor does respondent proffer

evidence to demonstrate how counsel's alleged deficient performance prejudiced him, for example by demonstrating that an expert would likely have testified that HP's statements were unreliable. Cf. *id*. at 622-623 (discussing expert's testimony at *Ginther* hearing). As such, respondent fails to establish the factual predicate of his claim. See *People v Anderson*, 322 Mich App 622, 631; 912 NW2d 607 (2018) ("Because no available record evidence establishes that trial counsel failed to interview or investigate potentially helpful witnesses, [the ineffective-assistance] claim necessarily fails.").

Respondent also fails to provide any evidence to support his requested alternative relief of a remand for a *Ginther* hearing. A remand for a *Ginther* hearing is appropriate if a respondent "has demonstrated [an] issue for which further factual development would advance his claim" of ineffective assistance of counsel. *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009). But here again, mere assertions in a motion or brief are insufficient; a respondent's request for a remand to develop the factual record "must be supported by affidavit or offer of proof regarding the facts to be established at a hearing." MCR 7.211(C)(1)(a). As previously stated, respondent provides no evidence, by way of "affidavit or offer of proof," *id*., that counsel failed to explore consulting an expert, that expert testimony could have been procured, or that such testimony could have influenced the outcome of the proceedings. See *In re Lovitt*, ___ Mich App at ___; slip op at 6.

In sum, because respondent fails to establish the factual predicate of his ineffective-assistance-of-counsel claim and fails to demonstrate a need for further factual development by way of a *Ginther* hearing on remand, he is not entitled to relief.

Affirmed.

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado
/s/ Daniel S. Korobkin