*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TEB.

UNPUBLISHED
May 13, 2026
8:50 AM

No. 378274
Lenawee Probate Court
LC No. 16-049751-MI

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals as of right the order for continuing involuntary mental-health treatment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Respondent's history of court-ordered involuntary mental health treatment commenced in June 2016, with his initial hospitalization for schizophrenia. He has subsequently received diagnoses of bipolar disorder and schizoaffective disorder. Since June 2016, three separate orders for involuntary mental health treatment have been entered against respondent. The most recent order prior to the events giving rise to the present appeal was entered on January 14, 2025. [1]

On June 23, 2025, the court liaison for Havenwyck Hospital petitioned for a subsequent order for involuntary mental health treatment. Respondent had been transferred to Havenwyck Hospital from jail following an altercation with his mother. During his admission, respondent exhibited threatening and agitated behavior, demanded immediate discharge, and demonstrated limited insight into his condition. He persistently refused prescribed medication, asserting its

---

[1] Respondent has appealed two of these orders. Both of these appeals were found moot by this Court. *In re TEB*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2025 (Docket No. 372913) (*TEB I*), and *In re TEB*, unpublished per curiam opinion of the Court of Appeals, issued January 22, 2026 (Docket No. 374573) (*TEB II*).

ineffectiveness and expressing a preference for holistic interventions. The probate court granted the petition and entered a second order for involuntary mental health treatment.

Due to respondent's repeated noncompliance with the foregoing order, a case manager with Lenawee Community Mental Health Authority (LCMHA) subsequently filed a petition seeking a continuing order for involuntary mental health treatment for a one-year term. At the hearing on this petition, respondent conceded the necessity of treatment but requested that a review hearing be scheduled to monitor his progress. The probate court issued an order for continuing involuntary mental health treatment and declined to schedule a review hearing until respondent had consulted with his medical providers and demonstrated that such a hearing was warranted. Respondent now appeals from this order.

## II. ANALYSIS

Respondent alleges that he received ineffective assistance of counsel because he did not know the petition was for one year of treatment, trial counsel did not meet with respondent before the hearing, and trial counsel did not schedule a review hearing. A respondent's claim of ineffective assistance of counsel is preserved if the respondent moves for a new trial or an evidentiary hearing in the probate court or moves to remand in this Court. *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022). Because respondent failed to move for a new trial or an evidentiary hearing in the probate court and did not move in this Court for remand, this issue is unpreserved. *Id*.

The question of ineffective assistance of counsel is a "mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *In re Londowski*, 340 Mich App 495, 516; 986 NW2d 659 (2022). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (citation and quotation marks omitted). Because no evidentiary hearing was held, this Court's review is for errors apparent on the record. *Londowski*, 340 Mich App at 516.

Proceedings seeking involuntary mental-health treatment are also referred to as civil commitment proceedings. *Portus*, 325 Mich App at 382. "[D]ue process requires that an individual subject to a petition in a civil commitment proceeding has a right to the effective assistance of an attorney." *Londowski*, 340 Mich App at 515. The metric for determining ineffective assistance of counsel in civil commitment proceedings is the same as in criminal proceedings. *Id*. at 515. To prevail on a claim of ineffective assistance of counsel, the respondent must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A reasonable probability is one that undermines confidence in the result of the trial. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The respondent must identify specific actions by their counsel that constitute ineffective assistance. *Id*. at 690. Counsel is presumed to be effective. *Id*. The respondent bears the burden of proving any deficiency of counsel. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018).

Counsel is given wide discretion in matters of strategy, and it is presumed that counsel's actions are based on a sound strategy. *Strickland*, 466 US at 689-690. This Court should not "substitute [its] judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Loew*, 340 Mich App 100, 120; 985 NW2d 255 (2022) (alteration in original; citation and quotation marks omitted), aff'd 514 Mich 158 (2024). Strategic decisions of counsel still must be objectively reasonable. *Trakhtenberg*, 493 Mich at 52. "The Michigan Supreme Court has held that civil commitment statutes must be strictly complied with." *In re Jestila*, 345 Mich App 353, 358; 5 NW3d 362 (2023).

Respondent contends that his trial counsel rendered constitutionally ineffective assistance on the ground that respondent allegedly did not comprehend that the petition for continuing mental-health treatment sought a one-year commitment. In support, respondent has appended a declaration to his appellate brief. However, it is well settled that a party may not unilaterally expand the appellate record with documents not presented to the lower court. See *Magley v M & W Inc*, 325 Mich App 307, 322 n 8; 926 NW2d 1 (2018). Notably, respondent has neither sought nor obtained leave to supplement the record pursuant to MCR 7.216(A)(4). Accordingly, this Court will not consider the proffered declaration.

Upon a thorough review of the lower court record, there is no indication that respondent was unaware that the petition for continuing mental-health treatment sought a one-year term. The record unequivocally reflects that respondent was personally served with a copy of the petition, which expressly recited the one-year duration in two distinct locations. Although respondent asserts on appeal that confusion may have arisen due to the purported existence of two separate petitions for continuing treatment, the record contains only a single petition. As a general principle, "the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated." *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 638; 997 NW2d 745 (2022) (cleaned up). There is no evidence in the record of a petition lacking the one-year term; thus, respondent fails to establish a factual predicate for his argument. *Id*. Furthermore, respondent affirmatively stated on the record that he agreed to a treatment order. There is no evidence that trial counsel failed to explain the one-year nature of the petition or that respondent lacked understanding regarding the length of the treatment order. In sum, the absence of any record evidence precludes a finding of error warranting relief for this unpreserved claim of ineffective assistance of counsel. See *Londowski*, 340 Mich App at 516. Accordingly, respondent has not met his burden to establish that trial counsel rendered ineffective assistance. *Head*, 323 Mich App at 539.

Respondent further asserts that trial counsel rendered ineffective assistance by failing to consult in person with respondent at least 24 hours prior to the hearing on the petition for continuing mental-health treatment, as required by MCL 330.1454(7). The statutory scheme mandates that, following such consultation, counsel must file a certification with the probate court confirming compliance. See MCL 330.1454(9); *Jestila*, 345 Mich App at 358. The record does not reflect that counsel met with respondent the requisite 24 hours before the hearing, nor does it contain the statutorily mandated certification. Nevertheless, the record demonstrates that counsel did, in fact, meet with respondent prior to the hearing and was fully apprised of respondent's preferences, including his consent to treatment and his concerns regarding medication side effects—positions that were consistent with respondent's own testimony. Given that counsel

competently communicated respondent's wishes to the court, there is no reasonable probability that the outcome would have differed had the certification been timely filed. While counsel's omission in failing to file the certification falls below an objective standard of reasonableness, respondent has failed to establish the requisite prejudice necessary to sustain a claim of ineffective assistance. *Trakhtenberg*, 493 Mich at 52.

Respondent also contends that trial counsel was constitutionally deficient for failing to schedule a review hearing within 30 to 45 days after entry of the continuing mental-health treatment order. However, respondent does not cite any legal authority imposing an affirmative duty on trial counsel to schedule such a hearing. As this Court has repeatedly cautioned, "an appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). Accordingly, this argument is deemed abandoned for failure to properly brief the issue. *Id*.

In the alternative, respondent requests a remand for an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). A Ginther hearing is warranted only when a party has demonstrated an issue for which further factual development would materially advance a claim of ineffective assistance. See *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009). Such a request must be supported by an affidavit or offer of proof delineating the facts to be established at the hearing. MCR 7.211(C)(1)(a). Here, respondent's appellate declaration merely reiterates arguments previously advanced in his briefing—namely, that he did not agree to a one-year treatment order and that counsel failed to schedule a review hearing. These assertions do not raise new factual disputes nor do they suggest that additional development would further respondent's claim. *Chapo*, 283 Mich App at 369. Moreover, as a matter of law, an order for involuntary mental-health treatment does not require respondent's consent. MCL 330.1400(f). There is nothing in the record suggesting that a review hearing was appropriate or that the probate court would have granted such a request, particularly in light of respondent's documented noncompliance with medication and treatment. The probate court expressly instructed respondent to consult with his medical providers regarding possible changes to his treatment regimen. For these reasons, a remand for a *Ginther* hearing is unwarranted.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman

-4-